IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GREG HUDIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:19-cv-00127 |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| FOX NEWS NETWORK, LLC; | ) | |
| TWENTY-FIRST CENTURY FOX, INC.; | ) | |
| and SASHA SAVITSKY, | ) | |
| | | |
| Defendants. | | |

## ORDER

Plaintiff has filed a Notice of Rule 41(a)(1)(A)(i) Voluntary Dismissal of Defendant Twenty-First Century Fox, Inc. (Doc. No. 23). Defendants have indicated that they do not oppose Plaintiff's Notice or the Court's dropping Twenty-First Century Fox, Inc. as a party Defendant (Doc. No. 25).

Although Plaintiffs cite Rule 41(a)(1)(A)(i), the Sixth Circuit has indicated that dismissal of a party, rather than of an entire action, is more proper pursuant to Fed. R. Civ. P. 21.[1] *AmSouth v. Dale*, 386 F.3d 763, 778 (6th Cir. 2004); *Sheet Metal Workers' Nat. Pension Fund Bd. of Trustees v. Courtad, Inc.*, No. 5:12-CV-2738, 2013 WL 3893556, at * 4 (N.D. Ohio July 26, 2013) ("A plaintiff seeking to dismiss only one defendant from an action must move the Court to do so under Rule 21.") (citing *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 786 (6th Cir. 1961)).

Rule 41(a)(1) provides for the voluntary dismissal of an *action*, not a claim or a party. Rule 41(a)(1) gives plaintiffs an absolute right to dismiss an action before an answer or motion for

---

[1] Rule 21 provides that the Court may at any time, on motion or on its own, add or drop a party. Fed. R. Civ. P. 21.

summary judgment is served. *EQT Gathering, LLC v. A Tract of Property Situated in Knott Cty, Ky*, Civil Action No. 12-58-ART, 2012 WL 3644968, at * 1 (E.D. Ky. Aug. 24, 2012). The Sixth Circuit has interpreted "action" to mean "the entire controversy." *Id*. Thus, in the Sixth Circuit, a notice of dismissal under Rule 41(a)(1)(A)(i) can be used to dismiss only all claims against all defendants, not individual claims or parties. *Id*.; *United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 464 (E.D. Ky. 2018). [2]

This distinction between Rules 41 and 21 is not meaningless.[3] *Doe*, 326 F.R.D. at 465. A plaintiff can *unilaterally* dismiss an action under Rule 41(a)(1)(A), but only a court can drop parties or sever claims under Rule 21. Dropping less than the entirety of an action risks prejudice to the other parties. *Id*. (citing *EQT*, 2012 WL 3644968, at * 3). In addition, because this is a federal court, the rules matter. *Id*.

For these reasons, the Court will construe Plaintiff's Notice (Doc. No. 23) as a motion under Rule 21 to drop Twenty-First Century Fox, Inc. as a party Defendant, and the Court must make an independent determination that dropping this party is appropriate. Rule 21 does not provide a particular standard for making such a determination. "The district court should note, however, that Rule 21 gives the court broad discretion to consider 'the interests of justice' before dropping an improperly joined party." *Kona Enterprises, Inc. v. Estate of Bishop By & Through Peters*, No. 96-15117, 1997 WL 289418, *2 (9th Cir. May 29, 1997). Here, the Court has little difficulty concluding that the interests of justice support dropping the party as requested, given

---

[2] Other circuits disagree, but district courts in this circuit routinely apply Rule 21, rather than Rule 41, when dismissing fewer than all defendants or claims. *See Doe*, 326 F.R.D. at 464 (citing cases); *EQT*, 2012 WL 3644968 at * 2 (citing cases).

[3] "[T]he procedural vehicle makes a difference." *EQT*, 2012 WL 3644968, at * 4

both its potential for increasing judicial efficiency in resolving this dispute and the absence of any objection.

Accordingly, the claims against Defendant Twenty-First Century Fox, Inc. are hereby **DISMISSED** without prejudice.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE